(No. 78-CC-1658–

RICHARD GRAMLEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 27, 1979.*

RICHARD GRAMLEY, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This is a claim for retroactive salary adjustment based on the facts as set forth in the narrative submitted by the Claimant as follows:

"I began employment with the former Department of Public Safety in February of 1969. On August 1, 1975 I received a superior performance increase to Step 6 ($1,863.00 monthly) of pay grade 21 (position title—Assignment Coordinator II). I received no adjustments in salary until February 16, 1977, at which time I was reallocated to Executive IV, Pay Grade 23, Step 5 ($1,937.00). However, an amended pay plan went into effect on July 1, 1977, which applied retroactively to December 1, 1976. One provision of this amended pay plan specified that persons in Step 5 or 6 of their Pay Grade who had been on that step for 12 months or longer as of December 1, 1976, must be given a one step increase. Because I had been in Step 6 of Pay Grade 21 for 17 months as of December 1, 1976, this provision applied to me. Therefore, I should have been compensated at the rate of $1,950 beginning December 1, 1976, instead of $1,863.00, a difference of $87.00 per month. Also, this additional money should have been paid for January of 1977, and for one pay period of February of 1977, for a total of $217.50 for the two and one-half month period."

A joint stipulation submitted by the parties for $1,176.00 is based on the following statement of the law. Ill. Rev. Stat. 1977, ch. 127, par. 145, provides in part as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, ° ° °, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid ° ° ° which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments ° ° ° based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed."

In July of 1977, there were negotiations culminating in the adoption of a collective bargaining agreement known as RC-14-OCB between the State of Illinois and the Department of Personnel pertaining to all recognized collective bargaining units subject to the personnel code and whose vouchers were subject to approval by the Department of Finance. Simultaneously the director of

personnel promulgated significant changes in the pay plans for code employees subject to the "Schedule of Salary Grades". These significant changes in the pay plan were identical with corresponding provisions in the RC-14 agreement. The purpose of the change in the pay plan was to equalize all employees whether members of a union, whether members of a recognized collective bargaining unit or nonmembers of either. The pay plan provisions were to affect all employees subject to the "Schedule of Salary Grades" and were to become effective simultaneously with the effective date of the collective bargaining agreement. The purpose here was to equalize all State employees, granting to all equal benefits to those negotiated by the union negotiators for their members. The provision in question is found in Section 6 of Article XXXIII of the RC-14 contract. The benefits provided by this section are those set out in the Claimant's narrative of benefits to which his complaint alleges him to be entitled.

The prohibition against retroactive salary adjustments found in Ill. Rev. Stat., ch. 127, par. 145, above quoted, raises a two pronged question as to the eligibility of this Claimant for a back salary award. The first question is whether an award can be granted to anyone for a period of time prior to the effective date of the collective bargaining agreement. The answer to this question is an obvious no, inasmuch as such a payment "would constitute in fact an additional payment for work already performed and for which remuneration had already been made", which payment would not be "based upon the effective date of a collective bargaining agreement."

The second question to be dealt with has to do with whether or not an individual employee must be either a union member or a member of a recognized collective

bargaining unit. A careful examination of the prohibition contained in Ill. Rev. Stat., ch. 127, par. 145 fails to reveal any requirement that an employee actually be a member of the union or that he actually be a member of a collective bargaining unit. The requirement is that the retroactive salary adjustment be "based upon the effective date of a collective bargaining agreement."

The director of personnel is mandated by statute to prepare rules and regulations and to promulgate a pay plan to be uniformly applied to all employees subject to the personnel code. He is also granted the authority to negotiate wages and working conditions. Having negotiated the wages and working conditions, there appears to be statutory authority for the promulgation of the pay plan to be universally applied. This Court does not deny the director's right to promulgate a pay plan which would rectify a situation which would otherwise deny to one employee the benefits granted through the collective bargaining negotiations on behalf of another employee.

Although this Claimant is not in a "recognized exclusive bargaining unit", he is, nevertheless, "subject to the Schedule of Salary Grades" and is, therefore, subject to the pay plan provisions set forth in the director of personnel's memorandum of July 7, 1977, and July 25, 1977 both of which are attached to the joint stipulation as Exhibits "A" and "B", respectively. Having established the right to benefits pursuant to the pay plan, the ultimate question is the extent of the benefits to be awarded. As stated above the collective bargaining agreement carried an effective date of July 1, 1977. Therefore, any benefits to be derived by any person whether union member, nonunion member, member of a collective bargaining unit or otherwise must be "based upon the effective date" of the collective bargaining agreement. It should be noted that there is no prohibition in the statute

against step adjustments being altered to reflect a retroactive recognition. The only prohibition is against retroactive compensation. Therefore, it follows that the step adjustments can be reflected in an employee's service record but carry with them no retroactive compensation that can be recognized other than prospectively from the effective date of the collective bargaining agreement upon which the benefits are based. Therefore, the Court recognizes the step increases granted to the Claimant but subject only to retroactive salary adjustments back to July 1, 1977. The amount of compensation due this Claimant is, therefore, correctly stated in the joint stipulation of the parties and amounts to $98.00 per month for the period of time from July 1, 1977, through June 30, 1978, for a total amount of $1,176.00 with no compensation due prior to July 1, 1977.

It is, therefore, ordered that this Claimant is hereby awarded the amount of $1,176.00 subject to appropriate additions for retirement and F.I.C.A. and withholdings.